IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 10-60019-JWB
                                                    & Case No. 14-10100-JWB

CLINT WAYLON COOK,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motions[1] for compassionate release. (Case No. 10-60019, Doc. 27; Case No. 14-10100, Doc. 24.) The motions have been fully briefed and are ripe for decision. (Docs. 30, 31.)[2] For the reasons provided herein, Defendant's motions are DENIED.

**I.    Procedural Background**

Defendant was convicted in 2010 in the United States District Court for the Western District of Texas for Aiding and Abetting the Possession with Intent to Distribute Marijuana. (Doc. 1.) He was sentenced to five years of probation and jurisdiction was transferred to the District of Kansas. (*Id.*) On February 3, 2011, his probation was revoked, and he was sentenced to 16 months imprisonment. (Doc. 14 at 3.) On October 28, 2013, his probation was again revoked, and he was sentenced to 24 months imprisonment to be run consecutive to his sentence for attempted murder

---

[1] Defendant filed identical motions for compassionate release in his two cases. (Case No. 10-60019, Doc. 27; Case No. 14-10100, Doc. 24.) The government filed a response to Defendant's motion in Case No. 10-cm-60019 but did not file a response in Case No. 14-10100. (Doc. 30.) Because Defendant filed identical motions, the court addresses both cases in this order.
[2] Unless otherwise indicated, all citations are to the record in Case No. 10-60019.

in the second degree in state court. (Doc. 26 at 2.) Defendant was sentenced to 137 months imprisonment in the custody of the Kansas Department of Corrections for the state case. (Doc. 24 at 3.) Defendant finished his term of imprisonment in state custody on October 14, 2022, and has been in federal custody since that date. (Doc. 30 at 2.) Defendant is due for release on June 25, 2024. (*Id.*)

**II.    Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction when certain conditions are met including "extraordinary and compelling reasons [that] warrant such a reduction…." Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *McGee*, 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted[3] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042. Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the

---

[3] The government concedes that Defendant has exhausted his administrative remedies here. (Doc. 30 at 4.)

"reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking, and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Moreno,* 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

**III.    Analysis**

Defendant argues that he should be released because he has been rehabilitated.[4] (Doc. 27 at 5.) The government opposes the motion because rehabilitation alone is not an extraordinary and compelling reason for release. (Doc. 30 at 8–9.) Here, the court finds that extraordinary and compelling reasons do not justify Defendant's early release.

Defendant argues that he has been a model inmate for the last ten years, having no discipline reports and completing multiple programs. (Doc. 27 at 4.) Defendant also argues that he has strengthened his family ties and has tried to right his wrongs. (*Id.*) In addressing the extraordinary reasons why he should be released, Defendant notes that it is extraordinary that he has become the man that he was always supposed to be and now lives a life of love, peace, and

---

[4] Defendant also notes that his mother and father are very sick and that his mother has requested that he be her caregiver once he is released from prison. (Doc. 27 at 5.) Defendant does not indicate whether other family members are able to care for her and does not seek release because of his parents' health issues, as he focuses most of his motion for release on his rehabilitation. Even if Defendant intended to rely on his mother's illness for release, the court finds that this reason, alone or in combination with his rehabilitation efforts, does not amount to extraordinary and compelling reasons that warrant release here.

3

happiness.  (*Id.* at 5.)  As for why his reasons for release are compelling, he notes that the "proof is in [his] actions these past 10 years."  (*Id.*)

Courts have made it clear that rehabilitation alone is not an extraordinary and compelling reason for release or reduction in sentence.  *Mata-Soto*, 861 F. App'x at 255 ("Mata-Soto also cited his successful rehabilitation efforts, but the district court correctly determined that rehabilitation alone could not constitute an extraordinary and compelling reason warranting release."); *United States v. Ruvalcaba*, 26 F.4th 14, 25 (1st Cir. 2022); *United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021) (". . . it is unnecessary for us to decide this question because Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)).  While the court celebrates Defendant's efforts at rehabilitation, he has not shown any extraordinary and compelling reason that he should be released early.

## IV.     Conclusion

For the reasons stated herein, Defendant's motions (Case No. 10-60019, Doc. 27; Case No. 14-10100, Doc. 24) are DENIED.

IT IS SO ORDERED this 19th day of April, 2023.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

4